## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TRINA SOLAR CO., LTD,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**RUNERGY USA INC. AND RUNERGY ALABAMA INC.,**<br><br>        **Defendants.** | **Court No. 1:24-cv-00557-JCG** |

## <u>PROTECTIVE ORDER</u>

WHEREAS, Plaintiff Trina Solar Co., Ltd ("Trina") and Defendants Runergy USA Inc. and Runergy Alabama Inc. (together, "Runergy U.S."), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, there is a possibility that documents relevant to this proceeding may contain sensitive personal information that is protected under federal, state or foreign data protection laws or regulations, or other privacy obligations;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (or substantially similar designations) ("Designated Material").  The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.  For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript.  For natively produced Protected Material, the designation shall be placed in the filename of each such natively produced document.

2.     With respect to Designated Material,[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Material and treated as such under this Order.

3.     A designation of Protected Material (e.g., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that should have been Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by

---

[1] The term Designated Material is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," both individually and collectively.

notifying the recipient(s) in writing, as soon as reasonably possible after the

producing Party becomes aware of the inadvertent or unintentional disclosure, and

provide replacement Protected Material that is properly designated within five (5)

calendar days of that notice.  The recipient(s) shall then destroy all copies of the

inadvertently or unintentionally produced Protected Materials.  For clarity, this

provision does not apply to privileged material, which is governed by Paragraph

12.

4.    "CONFIDENTIAL" documents, information, and material may be

disclosed only to the following persons, except upon receipt of the prior written

consent of the designating Party, upon order of the Court, or as set forth in

Paragraph 12 herein:

a.    outside counsel of record in this Action[2] for the Parties;

b.    employees of such counsel assigned to and reasonably

necessary to assist such counsel in the litigation of this Action;

c.    up to two in-house counsel for the Parties who are members in

good standing of at least one state bar in the United States and have

responsibility for making decisions dealing directly with the litigation of this

Action and their paralegals.  Prior to viewing "CONFIDENTIAL" materials,

---

[2] This "Action" means Case No. 24-557-JCG.

any inhouse counsel resident outside the territorial United States shall sign

the undertaking attached hereto as Appendix B.  In-house counsel under this

paragraph shall not (i) be one who exercises competitive decision-making

authority on behalf of the Party by whom he or she is employed or (ii) have

responsibility for patent prosecution;

      d.    two employees of a Party who are assisting in-house counsel

with the litigation of this Action;

      e.    outside consultants or experts[3] (i.e., not existing employees or

affiliates of a Party) retained for the purpose of this litigation, provided that

such consultants or experts are not presently employed by the Parties hereto

for purposes other than this Action or another legal proceeding.[4]   Before

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding four years; and (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.  If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

access is given, the consultant or expert shall complete the undertaking

attached as Appendix A hereto and the same shall be served upon any

producing Party with a current curriculum vitae of the consultant or expert at

least five (5) business days before access to the Protected Material is to be

given to that consultant.  However, the producing Party may notify the

receiving Party in writing that it objects to disclosure of Protected Material

to a consultant or expert.  The producing Party waives objection to

disclosure of its Designated Material by a receiving Party to an identified

outside consultant or expert of a receiving Party if the Producing Party

provides no written objection within ten (10) days of service by a receiving

Party of the Appendix A and current curriculum vitae of the identified

outside consultant or expert.  Such a waiver shall not preclude a Producing

Party from raising an objection at a later time with respect to Protected

Material if a party believes in good faith that newly disclosed or discovered

information about the expert, had it been known at the time the outside

consultant or expert was disclosed, would have warranted such an objection.

The Parties agree to promptly confer and use good faith to resolve any such

objection.  If the Parties are unable to resolve any objection, the producing

Party may file a motion with the Court within fifteen (15) days of the notice,

or within such other time as the Parties may agree, seeking a protective order

with respect to the proposed disclosure.  The producing Party shall have the

burden of proving the need for a protective order.  No disclosure shall occur

until all such objections are resolved by agreement or Court order;

  f.  independent litigation support services, including persons

working for or as court reporters, translators, graphics or design services,

jury or trial consulting services, and photocopy, document imaging, and

database services retained by counsel and reasonably necessary to assist

counsel with the litigation of this Action; and

  g.  the Court and its personnel and any mutually-agreed upon

mediator or court- appointed mediator who has otherwise signed the

undertaking for this Protective Order.

  5.  A Party shall designate documents, information, or material as

"CONFIDENTIAL" only upon a good faith belief that the documents, information,

or material contains confidential or proprietary information or trade secrets of the

Party or a Third Party to whom the Party reasonably believes it owes an obligation

of confidentiality with respect to such documents, information, or material.

  6.  Documents, information, or material produced in this Action,

including but not limited to Protected Material designated as Designated Material,

and the knowledge of the existence of such Protected Material (i) shall be used by

the Parties only in the litigation of this Action or any related appellate proceeding,

(ii) shall not be used for any business purpose or any other purpose, such as in connection with any legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Designated Materials with the same confidentiality designation as the source material, and subject to all of the terms and conditions of this Order.

7.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

8.     For Protected Material designated HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected
Material shall be limited to individuals listed in Paragraphs 4(a–b) and (e–g).

9.     Absent obtaining written consent from the designating Party, any
attorney representing a Party, whether in-house or outside counsel, and any person
associated or affiliated with the Party and permitted to receive the other Party's
Protected Material who actually obtains, receives, has access to, or otherwise
learns, in whole or in part, the other Protected Material and directed to technical
information relevant to this case, but excluding financial data or non-technical
business information under this Order, unless such Protected Material becomes
publicly disclosed or otherwise known, shall not prepare, prosecute, supervise, or
assist in the preparation or prosecution of any patent application or patent claims
pertaining to any solar cell and solar module technology, including but not limited
to the claimed subject matter in United States Patent Nos. 9,722,104 and
10,230,009, and any patent or application claiming priority to the patents asserted
in this Action (collectively the "Field of Invention") during the pendency of this
Action and for two (2) years after its conclusion, including any appeals.  For
purposes of this paragraph, "prosecution" includes any activity related to (i) the
preparation or prosecution (for any person or entity) of patent applications,
including among others reexamination and reissue applications or (ii) directly or

indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims within, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review, and reexamination proceedings. For the avoidance of doubt, this paragraph does not prohibit any person from challenging a patent in *inter partes* review or other proceeding nor does it prohibit counsel for any Party from participating in and representing the Party in any inter partes review proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

10.     Each Party may designate for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, any information that it reasonably believes to be subject to federal, state, or foreign data protection laws or regulations or other privacy obligations ("Personal Data"). Personal Data constitutes sensitive materials requiring special protection. Examples of such data protection laws or regulations or privacy obligations include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability

and Accountability Act ("HIPAA") and the regulations thereunder, 45 C.F.R. Part

160 and Subparts A and E of Part 164 (medical information); and Regulation (EU)

2016/679 of the European Parliament and of the Council of 27 April 2016 on the

Protection of Natural Persons with Regard to the Processing of Personal Data and

on the Free Movement of Such Data, also known as the General Data Protection

Regulation ("GDPR").

11.    Personal Data shall be designated by the Party producing it by

affixing a legend or stamp on such document, information or material as follows:

"PERSONAL DATA."  Such materials shall also be marked "HIGHLY

CONFIDENTIAL—ATTORNEYS EYES ONLY."  Notwithstanding the

provisions of this Order, Parties may redact from any document any Personal Data.

The Parties agree that productions of Personal Data may require additional

safeguards pursuant to federal, state, or foreign data protection laws or regulations

or other privacy obligations and will meet and confer to implement these

safeguards if and when needed.

12.    Nothing in this Order shall require production of documents,

information, or other material that a Party contends is protected from disclosure by

the attorney-client privilege, the work product doctrine, common interest doctrine,

or other privilege, doctrine, or immunity.  If documents, information, or other

material subject to a claim of attorney-client privilege, work product doctrine,

common interest doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal, state, or other proceeding.  Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.  The recipient(s) shall gather and return to the producing Party, or destroy and declare as such, all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.    There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.  If a Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any

circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to complete the Undertaking attached as Appendix A.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating party, including any person designated by the producing Party to testify under Fed. R. Civ. P. 30(b)(6), (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has in the ordinary course of business seen such Designated Material, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.  To the extent practical, Parties shall give the other Parties reasonable notice (a minimum of two

business days) if they reasonably expect a deposition, hearing, or other proceeding

to include Protected Material so that the other Parties can ensure that only

authorized individuals are present at those proceedings.  Subject to any challenge

to a particular designation under Paragraph 18, the Parties will not oppose any

reasonable request by the designating Party that the courtroom be sealed, if

allowed by the Court, during the presentation of any testimony, evidence, or

argument relating to or involving the use of any Protected Material.

15.    Notwithstanding Paragraph 3, Parties may, at the deposition or

hearing or within forty-five (45) days after a deposition or hearing date, designate

the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this

Order.  Access to the deposition or hearing transcript so designated shall be limited

in accordance with the terms of this Order.  Until expiration of the 45-day period,

the entire deposition or hearing transcript shall be treated as HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY.

16.    Any Designated Material that is filed with the Court shall be filed

under seal and shall remain under seal until further order of the Court.  The filing

party shall be responsible for filing consistent with the Local Rules and the Court's

CM/ECF Procedures.  Exhibits to a filing shall conform to the labeling

requirements set forth in this Order.  If a pretrial pleading filed with the Court, or

an exhibit thereto, discloses or relies on confidential documents, information, or

material, such confidential portions shall be redacted to the extent necessary and

the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery.  Nothing in this Order shall be

deemed to prevent the Parties from introducing any Designated Material into

evidence at the trial of this Action, or from using any information contained in

Designated Material at the trial of this Action, subject to any pretrial order issued

by this Court.  Subject to any challenges under Paragraph 18, the Parties will not

oppose any reasonable request by the Producing Party that the courtroom be

sealed, if allowed by the Court, during the presentation of any testimony, evidence,

or argument relating to or involving the use of any Protected Material.

18.     A Party may request in writing to the other Party that the designation

given to any Designated Material be modified or withdrawn.  If the designating

Party does not agree to redesignation within ten (10) days of receipt of the written

request, the requesting Party may apply to the Court for relief.  Upon any such

application to the Court, the burden shall be on the designating Party to show why

its classification is proper.  Such application shall be treated procedurally as a

motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the

Rule's provisions relating to sanctions.  In making such application, the

requirements of the Federal Rules of Civil Procedure and the Local Rules of the

Court shall be met.  Pending the Court's determination of the application, the

designation of the designating Party shall be maintained.

19.    Each outside consultant or expert to whom Designated Material is

disclosed in accordance with the terms of this Order shall be advised by counsel of

the terms of this Order, shall be informed that he or she is subject to the terms and

conditions of this Order, and shall sign an acknowledgment that he or she has

received a copy of, has read, and has agreed to be bound by this Order.  A copy of

the acknowledgment form is attached as Appendix A.  Additionally, the following

categories of data, information, or documents need not be disclosed by any party,

and are outside the scope of permissible discovery (including deposition

questions):

    a.    Any notes or other writings taken or prepared by or for an

expert witness in connection with this matter, including correspondence or

memos to or from, and notes of conversations with, the expert's assistants

and/or clerical or support staff, one or more other expert witnesses or non-

testifying expert consultants, or one or more attorneys for the party offering

the testimony of such expert witness, unless the expert witness is relying

upon those notes or other writings in connection with the expert witness'

opinions in this matter;

        b.     Draft reports, draft studies, or draft work papers; preliminary or intermediate calculations, computations, or data runs; or other preliminary, intermediate, or draft materials prepared by, for, or at the direction of an expert witness;

        c.     Any oral or written communication between an expert witness and the expert's assistants and/or clerical or support staff, one or more other expert witnesses or non- testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon the communication in connection with the expert witness' opinions in this matter.

20.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a

designation.  Until that time period lapses or until such a designation has been

made, whichever occurs sooner, all documents, information, or other material so

produced or given shall be treated as "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" in accordance with this Order. Where a Third Party

designates any documents, information, or other material as provided herein,

experts previously disclosed and approved hereunder prior to said Third Party's

production of any Protected Material need not be disclosed to said Third Party.

Subsequently disclosed experts need not be disclosed to said Third Party before

that Third Party's Protected Material may be disclosed thereto.

22.    If a Party is served with a subpoena issued by a court, arbitral,

administrative, or legislative body, or with a court order issued in other litigation

that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY" that Party must:

a.    promptly notify in writing the designating Party.  Such

notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the person who caused the subpoena

or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is subject to this Protective Order.  Such

notification shall include a copy of this Protective Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material— and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

23.    Within forty five (45) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall either be returned to the producing Party or be destroyed. The receiving Party shall certify the return or destruction in writing furnished to the producing Party, upon the producing Party's request. Nothing in this Order requires any person to destroy or return any information they are required by law to retain. Further, nothing in

this Order requires a Party to alter their backup or archive systems. Outside

Counsel may retain for archival purposes and without redacting any Protected

Materials the following: (i) pleadings and attorney/consultant work product filed

with the Court or served on another party or (ii) pleadings and attorney/consultant

work product that refers to Protected Material but does not contain any copies of

Protected Material, unless such Protected Material was also filed or served

pursuant to Paragraph 16, above.

24.    The failure to designate documents, information or material in

accordance with this Order and the failure to object to a designation at a given time

shall not preclude the filing of a motion at a later date seeking to impose such

designation or challenging the propriety thereof. The entry of this Order and/or the

production of documents, information, and material hereunder shall in no way

constitute a waiver of any objection to the furnishing thereof, all such objections

being hereby preserved.

25.    Any Party knowing or believing that any other party is in violation of

or intends to violate this Order and has raised the question of violation or potential

violation with the opposing party and has been unable to resolve the matter by

agreement may move the Court for such relief as may be appropriate in the

circumstances. Pending disposition of the motion by the Court, the Party alleged

to be in violation of or intending to violate this Order shall discontinue the

performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.   Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.   Nothing in this Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Designated Material.

29.   Nothing in this Order shall restrict any producing Party's disclosure or use of its own Designated Material for any purpose.

30.   Any request to cross-use discovery materials (i.e., use materials produced in this Action in another action involving the Plaintiff and the asserted technology or use materials produced in another action involving the Plaintiff and the asserted technology in this Action) must (a) identify materials sought to be

cross-used specifically by production number and (b) permit the non-requesting party at least ten (10) days to object to such cross-use. If cross-use material is used after or near the close of fact discovery, the parties will meet and confer in good faith on the taking of additional discovery, if necessary.

31.    This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants, and experts, and any persons or organizations over which they have direct control. After conclusion of the above-captioned Action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Protected Material pursuant to this Order, in order to enforce the provisions of this Order.

32.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO ORDERED this 18th day of September, 2024.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge[i]

---

[i]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

# Appendix A

(Undertaking for Experts/Consultants)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| **TRINA SOLAR CO., LTD,** |
| **Plaintiffs,** |
| **v.** |
| **RUNERGY USA INC. AND RUNERGY ALABAMA INC.,** |
| **Defendants.** |

**Court No. 1:24-cv-00557-JCG**

I, _____, declare that:

1.      My address is _____.

2.      My current employer is _____.

3.      My current occupation is _____.

4.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

5.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action or any related appellate proceeding any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that is disclosed to me.

6.      Promptly upon termination of these actions, I will destroy or return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date      _____

**Appendix B**

(Undertaking for In-house Counsel Outside the United States)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **TRINA SOLAR CO., LTD,** | |
| **Plaintiffs,** | |
| **v.** | **Court No. 1:24-cv-00557-JCG** |
| **RUNERGY USA INC. AND RUNERGY ALABAMA INC.,** | |
| **Defendants.** | |

I, _____, declare that:

1.      My address is _____.

2.      My current employer is _____.

3.      My current occupation is _____.

4.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

5.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action or any related appellate proceeding any information designated as "CONFIDENTIAL" that is disclosed to me.

6.      Promptly upon termination of these actions, I will destroy or return all documents and things designated as "CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____